UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| FERNANDO ROLÓN, | ) | |
| Plaintiff, | ) | 2:12-cv-00110-LRH-VCF |
| v. | ) | |
| CATHOLIC HEALTHCARE WEST, | ) | ORDER |
| Defendant. | ) | |

Before the court is defendant Catholic Healthcare West's ("CHW") motion to dismiss. Doc. #10[1]. Plaintiff Fernando Rolón ("Rolón") filed an opposition (Doc. #15) and a counter-motion for leave to file an amended complaint (Doc. #18).

**I.   Facts and Procedural History**

This is an employment discrimination action brought by Rolón against his employer CHW. During his employment with CHW, Rolón alleges that he was retaliated against by CHW administration for his then girlfriend and current wife, Michelle Lichtenstein's ("Lichtenstein"), role in aiding other CHW employees in filing complaints against management. *See* Doc. #1. Rolón alleges that as a consequence of, and in retaliation for his relationship with Lichtenstein, his work hours were reduced significantly, he was passed over for a promotion, and he was falsely

---

[1] Refers to the court's docket entry number.

accused of wrongdoings.

On September 26, 2011, Rolón filed a complaint asserting two claims for relief for: (1) employment discrimination in violation of 42 U.S.C. § 2000e-(a) and NRS § 613.340, and (2) injunctive relief. Doc. #1. In response, CHW filed the present motion to dismiss the complaint. Doc. #10. Thereafter, Rolón filed the present counter-motion for leave to file an amended complaint to add additional facts. Doc. #18.

**II.    Discussion**

    **A. Motion to Amend (#18)**

Where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs*, 833 F.2d at 186 (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as the motion to amend is not sought in bad faith, does not cause undue delay, does not cause the opposing party undue prejudice, and does not constitute an exercise in futility. *Id.*

Here, Rolón requests leave to file an amended complaint in order to add additional factual allegations. The court finds that there is no undue delay, bad faith, or futility in Rolón's request for leave to amend. Further, the court finds that CHW would not be prejudiced at this early stage in the proceedings by allowing the filing of an amended complaint. Accordingly, the court shall grant Rolon's counter-motion for leave to file an amended complaint.

    **B. Motion to Dismiss (#10)**

The filing of an amended complaint supersedes the original complaint in its entirety. Accordingly, CHW's motion to dismiss the original complaint is now moot. Because the court is

granting Rolón's motion for leave, the court shall deny CHW's motion to dismiss without prejudice to allow it an opportunity to respond to the amended complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave (Doc. #18) is GRANTED. Plaintiff shall have ten (10) days from entry of this order to file an amended complaint.

IT IS FURTHER ORDERED that Defendant's motion to dismiss (Doc. #10) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 12th day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE