UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FERNANDO ROLON,

    Plaintiff,

v.

CATHOLIC HEALTHCARE WEST,

    Defendant.

2:12-cv-0110-LRH-VCF

ORDER

Before the court is defendant Catholic Healthcare West's ("CHW") motion to strike plaintiff Fernando Rolon's ("Rolon") amended complaint (Doc. #25[1]) pursuant to Rule 37. Doc. #29. Plaintiff Rolon did not file an opposition to the motion.

**I.   Facts and Background**

This is an employment discrimination action brought by Rolon against his former employer CHW. During his employment with CHW, Rolon alleges that he was retaliated against for engaging in certain protected activity.

On September 26, 2011, Rolon filed a complaint for employment discrimination. Doc. #1. In response, CHW filed a motion to dismiss. Doc. #10. Recognizing certain pleading defects, Rolon filed a motion to amend (Doc. #18) which was granted by the court (Doc. #21).

---

[1] Refers to the court's docket number.

Subsequently, on June 29, 2012, Rolon filed an amended complaint. Doc. #25. Defendant CHW filed an answer (Doc. #26) and the parties engaged in discovery. After the close of discovery, CHW filed the present motion to strike pursuant to Rule 37 for failure to attend his deposition or to participate in any discovery. Doc. #29.

**II.    Discussion**

Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part that the court, in its discretion, may issue sanctions, including dismissal without prejudice, against a party for that party's failure to attend a deposition or otherwise participate in discovery. *See* FED. R. CIV. P. 37(b)(1) and (b)(2)(A)(v).

Here, it is undisputed that Rolon failed to attend his regularly noticed deposition and has failed to participate in all other discovery in this action in violation of the Stipulated Discovery Plan and Scheduling Order. Further, Rolon has not participated in this action since his counsel withdrew and all notices by the court have been returned as undeliverable. Therefore, the court finds that sanctions under Rule 37 are warranted.

In determining an appropriate sanction for failure to comply with a discovery order or attend a scheduled deposition, the court examines five factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to non-offending party; (4) the public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions. *See Leion v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Further, defendant CHW has an interest in resolving this matter in a timely manner and has been severely prejudiced by Rolon's failure to participate in discovery. Discovery in this action has already concluded and Rolon's current whereabouts are unknown, precluding CHW's ability to schedule another deposition. Finally, there is a lack of

1  prejudice to plaintiff Rolon because he has shown an unwillingness to continue litigating this
2  action. Thus, although public policy favors a resolution on the merits, the court finds that dismissal
3  is warranted in light of these other considerations. Accordingly, the court shall grant CHW's
4  motion.

6      IT IS THEREFORE ORDERED that defendant's motion to strike (Doc. #29) is
7  GRANTED. This action, 2:12-cv-0110-LRH-VCF is DISMISSED without prejudice.
8      DATED this 2nd day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3