UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FERNANDO ROLON,<br><br>    Plaintiff,<br><br>v.<br><br>CATHOLIC HEALTHCARE WEST,<br><br>    Defendant. | 2:12-cv-0110-LRH-VCF<br><br>ORDER |

    Before the court is defendant Catholic Healthcare West's ("CHW") motion for attorney's fees and costs. Doc. #38.[1]

**I.    Facts and Background**

    This is an employment discrimination action brought by plaintiff Fernando Rolon ("Rolon") against his former employer CHW. During his employment with CHW, Rolon alleges that he was retaliated against for engaging in certain protected activity.

    On September 26, 2011, Rolon filed a complaint for employment discrimination. Doc. #1. In response, CHW filed a motion to dismiss. Doc. #10. Recognizing certain pleading defects, Rolon filed a motion to amend (Doc. #18) which was granted by the court (Doc. #21).

    Subsequently, on June 29, 2012, Rolon filed an amended complaint. Doc. #25. Defendant CHW filed an answer (Doc. #26) and the parties engaged in discovery. After the close of discovery, CHW filed a motion to strike pursuant to Rule 37 for Rolon's failure to attend his deposition or to

---

[1] Refers to the court's docket number.

participate in any discovery (Doc. #29) which was granted by the court (Doc. #34). Thereafter, CHW filed the present motion for attorney's fees and costs. Doc. #38.

**II.     Discussion**

    **A.  Attorney's Fees**

CHW has submitted a motion for attorney's fees seeking $43,695.00 in accrued fees associated with prosecuting this action. *See* Doc. #38. In support of its motion, CHW has complied with the applicable provisions of Local Rule 54-16 by providing an itemization and description of the work performed as well as a summary of the fees charged and the time and labor required. *See* Doc. #38, Exhibit B.

Federal courts apply state law with regard to the allowance or disallowance of attorney fees related to actions initiated in state court. *Mendoza v. Met Life Auto & Home Ins. Agency, Inc.*, Case No. 2:09-CV-01872-RCJ-(RJJ), 2011 WL 6113009 at *1 (D. Nev. Dec. 7, 2011); *see also Michael-Regan Co., Inc. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975); *Swallow Ranches, Inc. v. Bidart*, 525 F.2d 995, 999 (9th Cir. 1975). Because this action was filed in Nevada, Nevada law applies with regard to allowance of attorney's fees. In Nevada, attorney's fees are recoverable if permitted by statute, rule, or contractual provision. *Horgan v. Felton*, 170 P.3d 982, 986 (Nev. 2007) (citing *Rowland v. Lepire*, 662 P.2d 1332, 1336 (Nev. 1983)); *see also Semenza v. Caughlin Crafted Homes*, 901 P.2d 684 (Nev. 1995) (holding that a homeowner was entitled to attorney's fees where purchase agreement stated the prevailing party could recover attorney fees in any action related to the property).

Here, CHW moves for an award of fees and costs pursuant to NRS 18.010(2) contending that Rolon initiated this action in bad faith. NRS § 18.010(2)(b) allows for the court to make an award of attorney's fees to the prevailing party when "the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party."

Here, Rolon's claims were based upon CHW's actions in allegedly discriminating against

him for helping others file workplace discrimination charges. The allegations in the complaint, although ultimately unsuccessful, were not entirely groundless. Rather, this action was ultimately dismissed solely because Rolon, acting pro se, failed to attend his deposition and prosecute this action. Further, there is insufficient evidence of unreasonableness or intent to harass. Therefore, the court declines to award attorney's fees under NRS 18.010.

**B. Costs**

In its motion, CHW requests $945.14 in taxable costs as the prevailing party in the underlying action. Doc. #38. CHW has filed a bill of costs identifying all requested costs. Doc. #37.

As with attorney's fees, federal courts apply state law with regard to the allowance or disallowance of taxable costs related to actions initiated in state court. *Mendoza*, 2011 WL 6113009 at *1. Pursuant to the Nevada Revised Statutes, the prevailing party is entitled to reasonable costs associated with litigating the action.

In its bill of costs, CHW seeks $353.50 for clerk's fees; $138.25 for photocopies; $1.00 for fax fees; $43.00 for process server fees; $374.00 for deposition fees; $31.95 in postage fees; and $3.44 in pacer court fees. *See* Doc. #37. The court finds that these costs are reasonable and taxable as defined under NRS 18.005, and as such, CHW is entitled to recover these costs in full as the prevailing party in this action. *See* NRS 18.020. Therefore, the court shall grant CHW's motion as to this issue.

IT IS THEREFORE ORDERED that defendant's motion for attorney's fees and costs (Doc. #38) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS FURTHER ORDERED that the clerk of court shall tax costs in the amount of $945.14 against plaintiff Fernando Rolon and in favor of defendant Catholic Healthcare West.

DATED this 7th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE